## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN

OMAR WESLEY,
by next friend Brenda Wesley,

     Plaintiff,

AMERICAN COUNTRY INSURANCE COMPANY

     Intervenor-Plaintiff,

v.                                    Case No.:  19-CV-00918

ARMOR CORRECTIONAL HEALTH SERVICES,
INC., MAUREEN WHITE, KIM WOLF,
DEBORAH MAYO, COURTNEY HOLIFIELD,
KAYLA MCCULLOUGH, MILWAUKEE COUNTY,
NANCY EVANS, KEVIN NYKLEWICZ,
WISCONSIN COMMUNITY SERVICES, INC.,
TEWANA MARSHALL, JOHN COOK,
MICHAEL EWING, SUZANNE WILLIAMS,
WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION, EVANSTON INSURANCE
COMPANY, BARTON & ASSOCIATES, INC.,
THE MEDICAL PROTECTIVE COMPANY, INC.,
INJURED PATIENTS AND FAMILY
COMPENSATION FUND, and
WEST BEND MUTUAL INSURANCE COMPANY,

     Defendants.

## DEFENDANTS MILWAUKEE COUNTY, NANCY EVANS,
## KEVIN NYKLEWICZ, AND
## WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S
## BRIEF IN SUPPORT OF THEIR
## MOTION FOR JUDGMENT ON THE PLEADINGS

     Defendants Milwaukee County, Nancy Evans, Kevin Nyklewicz, and

Wisconsin County Mutual Insurance Corporation (collectively "County Defendants,"

unless otherwise noted), by their attorneys, Crivello Carlson, S.C., respectfully submit this Brief in Support of their Motion to Dismiss.

## INTRODUCTION

Plaintiff's Amended Complaint names several Defendants and, in general, alleges that Omar Wesley sustained injuries to his mental health as a result of constitutionally inadequate and negligent medical care while detained at the Milwaukee County Jail ("MCJ"), the House of Corrections ("HOC"), and on conditional release from February 2016 through August 2016. As it relates to the County Defendants, Plaintiff alleges municipal liability under 42 U.S.C. § 1983 against Milwaukee County, official-capacity liability under 42 U.S.C. § 1983 against Nancy Evans and Kevin Nyklewicz, and state-law negligence against the County Defendants. All relevant factual allegations and claims against the County Defendants are discussed as relevant below.

Plaintiff's Amended Complaint against the County Defendants should be dismissed. Despite its use of elemental language relating to municipal-liability and official-capacity claims, the Amended Complaint nonetheless fails to allege facts sufficient to state claims for relief under 42 U.S.C. § 1983. Further, even if the Court finds that the Amended Complaint states municipal-liability claims, Nancy Evans and Kevin Nyklewicz should be dismissed from this action, as the official-capacity claims against them as former officials at the MCJ are redundant and duplicative of the municipal-liability claims against the County. Lastly, Plaintiff's state-law claims must be dismissed because Plaintiff cannot show that he complied

2

with the requisite notice requirements under Wisconsin law, and because—even assuming notice such requirements were met—discretionary immunity shields the County Defendants from liability as a matter of law.

For these reasons, as explained more fully below, the County Defendants respectfully request that the Court dismiss the Amended Complaint against them on its merits and with prejudice.

## ARGUMENT

### I. Standard of Review on a Motion for Judgment on the Pleadings for Failure to State a Claim Under Fed. R. Civ. P. 12(c).

The Federal Rules of Civil Procedure provide that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts review motions for judgment on the pleadings pursuant Rule 12(c) under the same standard as motions to dismiss for failure to state a claim pursuant Rule 12(b)(6). *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996); *see also Meighen v. Birds Eye Foods, Inc. Peoplease Corporations*, Case No. 12-CV-368, 2013 WL 12181034, at *2 (E.D. Wis. Feb. 26, 2013).

To analyze whether Plaintiff's Amended Complaint states claims upon which relief can be granted, the Court must accept "the well-pleaded facts in the complaint as true," but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Wagner v. Teva Pharmaceuticals USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016).

3

The County Defendants' Motion should be granted if the Court finds that the Amended Complaint lacks a factual context sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) (holding that *Twombly*'s plausibility standard applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 677.

"Importantly, the Supreme Court's decisions in *Twombly* and *Iqbal* ushered in a requirement that civil pleadings demonstrate some merit or plausibility in complaint allegations to protect defendants from having to undergo costly discovery unless a substantial case is brought against them." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013); *see also Twombly*, 550 U.S. at 557 (holding that a complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief). If allegations in a complaint give rise to an "'obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Here, even after benefitting from months of discovery, *see* (Am. Compl. at 17 n.1, ECF No. 98), Plaintiff's allegations against the County Defendants are still insufficient to state claims upon which relief can be granted. As discussed below, the allegations are either impermissibly vague, conclusory, or speculative, or the allegations simply do not state bases for relief as a matter of law. For these

4

reasons, the Court should grant the County Defendants' Motion, and dismiss the Amended Complaint against the County Defendants in full.

## II.   The Amended Complaint Fails to State a Municipal Claim Against Milwaukee County and Official-Capacity Claims Against Nancy Evans and Kevin Nyklewicz.

Plaintiff's sole federal claim against Milwaukee County is based on *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978). *See* (Am. Compl. ¶¶ 298–306, ECF No. 98.) The sole federal claims against the only individually-named County Defendants, Nancy Evans and Kevin Nyklewicz, are official-capacity claims, (*id.* ¶¶ 307–312), which equate to pleading *Monell* claims against the County itself, *Comsys, Inc. v. City of Kenosha Wisconsin*, 223 F. Supp. 3d 792, 802 (E.D. Wis. 2016); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). Thus, all of the 42 U.S.C. § 1983 claims against the County Defendants are based on *Monell* theories of liability. *See* (Am. Compl. ¶¶ 297–312, ECF No. 98.)

A plaintiff who seeks to impose municipal liability under Section 1983 and *Monell* must prove that an "official municipal policy" caused the complained-of injury. *Monell*, 436 U.S. 658, 691 (1978). To do so:

> a plaintiff must prove (1) the alleged deprivations were conducted pursuant to an **express policy, statement, ordinance, or regulation** that, when enforced, **caused** the constitutional deprivation; (2) the conduct was one of a **series of incidents amounting to an unconstitutional practice** so **permanent**, well-settled, and known to [the municipality] as to constitute a "custom or usage" **with force of law**; or (3) the conduct was caused by a **decision** of a **municipal policymaker** with final policymaking authority in the area in question.

*Abraham v. Piechowski*, 13 F. Supp. 2d 870, 880 (E.D. Wis. 1998) (emphasis added);

5

*Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).

As further guidance, the Seventh Circuit has instructed that plaintiffs "must demonstrate that the 'deliberate action attributable to [the municipality] itself is the "moving force"' behind the deprivation of [the plaintiff's] constitutional rights." *Johnson v. Cook County*, 526 F. App'x 692, 695 (7th Cir. 2013) (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 399 (1997) (citing *Monell*, 436 U.S. at 694)). "The required level of factual specificity rises with the complexity of the claim," and courts must disregard mere recitations of "legal conclusions or elements of the cause of action . . . ." *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011).

Here, Plaintiff's *Monell* allegations are somewhat scattershot, in that he makes passing references to nearly all theories of *Monell* liability, with the exception of the third type—a final decision by a County policymaker. *See* (Am. Compl. ¶¶ 298–312, ECF No. 98.) On closer examination, Plaintiff's mere use of language common to various types of *Monell* claims is insufficient to plausibly state *Monell* claims against the County Defendants because the Amended Complaint contains little to no specific factual allegations that connect municipal actions to the alleged constitutional deprivations in this case.

## A. The Amended Complaint fails to state a *Monell* claim based on an express County policy.

Although Plaintiff uses the term "policy" when alluding to the provision of allegedly inadequate medical care at the Milwaukee County Jail, Plaintiff does not allege that there was, in fact, an unconstitutional express or written policy of

Case 2:19-cv-00918-BHL   Filed 09/08/20   Page 6 of 21   Document 117

Milwaukee County that caused Wesley's alleged constitutional deprivations. *See* (Am. Compl. ¶ 298, ECF No. 98.) Thus, Plaintiff has not state a *Monell* claim based on an express or written County policy.

### B. The Amended Complaint fails to state failure-to-train and failure-to-supervise *Monell* claims.

Plaintiff makes a single conclusory and vague reference to the County's alleged failure to "train" employees "with its policies or procedures so as to ensure that patients, like Wesley, receive their constitutionally mandated health care." *See* (*id.* ¶ 304.) Further, Plaintiff makes a single conclusory and broad allegation that Milwaukee County failed to "supervise and direct Armor to comply with its constitutionally mandated health care obligations." *See* (*id.* ¶ 303.)

Failure-to-train and failure-to-supervise claims are "tenuous" forms of *Monell* liability and available only in limited circumstances. *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 599 (7th Cir. 2019); *Cornfield v. Consolidated High Sch. Dist. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993); *Palmquist v. Selvik*, 111 F.3d 1332, 1344 (7th Cir. 1997). As such, a "municipality may not be held liable under *Monell* for failure to adequately train or supervise officers when [a] plaintiff fails to demonstrate any constitutional violation by municipal employee[s]." *Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 832 (7th Cir. 2019) (citing and discussing the reasoning in *Jenkins v. Bartlett*, 487 F.3d 482, 491–93 (7th Cir. 2007)).

Here, Plaintiff does not allege that any County employee was in any way responsible for or otherwise failed to provide Wesley's medication, nor that any individual County employee violated Wesley's constitutional rights. Thus,

7

Plaintiff's lone reference to inadequate training is not supported by any alleged act or alleged constitutional violation by a County employee that occurred due to such alleged inadequate County training. Similarly, Plaintiff's conclusory allegations relating to the failure to supervise are not supported by any factual allegations showing any connection between the alleged lack of supervision and the provision of psychotropic medications to Wesley or other inmates. Indeed, there are no allegations of other specific incidents where County employees were involved in alleged lapses in the distribution of psychotropic medications, nor that any high-level County official was aware of consistent lapses in Wesley's medication that could have been remedied through training and supervision. To that end, Plaintiff has not alleged that there were any widespread practices or customs of failing to train or supervise County employees that have led to unconstitutional lapses in deliveries of medications to Wesley or any other inmates. *See, e.g.*, (Decision and Order 6, ECF No. 73) ("More factual allegations are necessary to make it plausible and not just possible that the failure to refill the prescription was a result of policy rather than simple error.").

Thus, Plaintiff's conclusory allegations in relation to their failure-to-train and failure-to-supervise claims are insufficient to state such claims under *Monell*.

## C. The Amended Complaint fails to state a failure-to-discipline *Monell* claim.

Plaintiff alleges that the County "failed to discipline employees appropriately so that unconstitutionally inadequate medical care would not be the actual policy and practice." (Am. Compl. ¶ 305, ECF No. 98.) In order state a failure-to-

discipline *Monell* claim, Plaintiff "must plausibly allege that the municipality's practice with respect to investigations and discipline amounted to deliberate indifference to the plaintiff's rights and proximately caused his constitutional deprivation." *Boncheck v. Nicolet Unified School District*, Case No. 19-CV-425-JPS, 2019 WL 7049803, at *5–6 (E.D. Wis. Dec. 23, 2019).

Here, Plaintiff's sole factual allegation relating to discipline is that the County has not disciplined "*anyone* responsible for the daily unavailability of psychotropic medications." (Am. Compl. ¶ 13, ECF No. 98) (emphasis in original). There are no factual allegations suggesting that any County employee was directly responsible for ordering, coordinating, or monitoring Wesley's or any other inmate's psychotropic medications, nor that any such employee should have been disciplined for any act or omission. Further, there are no allegations that, but for the County's failure to investigate and discipline any County (or Armor) employee, Wesley would have received his medications or his rights would not have been violated, as alleged. In short, there are no factual allegations to support an inference or claim that the County Defendants failed to investigate or discipline any employees, nor that such failure caused Plaintiff's alleged constitutional deprivations.

### D. The Amended Complaint fails to state a *Monell* claim based on a widespread series of incidents.

While a custom or practice "may be so persistent and widespread [such that it has] the force of law," "[t]he word 'widespread' must be taken seriously." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970). To demonstrate that a municipality "is liable for a harmful custom or practice, the plaintiff must show that [municipal]

9

policymakers were deliberately indifferent as to the known or obvious consequences." *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 303 (7th Cir. 2010). "In other words, they must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff." *Thomas*, 604 F.3d at 303. Under this stringent standard, "it is not enough to demonstrate that policymakers could, or even should, have been aware of the unlawful activity because it occurred more than once." *Phelan v. Cook Cnty.*, 463 F.3d 773, 790 (7th Cir. 2006). Rather, there must be "evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Id.*

Here, Plaintiff's allegations that there was a widespread series of incidents comprising an unconstitutional practice are insufficient because they are vague and disconnected from the type of constitutional harm Wesley allegedly sustained. For instance, Plaintiff vaguely alleges that the County Defendants "had a policy and practice of providing inadequate medical care to mental health and other patients at the Milwaukee County Jail and House of Correction." (Am. Compl. ¶ 298, ECF No. 98.) Plaintiff more specifically alleges the County Defendants "knew that on a daily or weekly basis mental health patients were not receiving necessary psychotropic medications from reports from correctional officers (and others), observation and meetings with Armor's staff." (*Id.* ¶ 300.) Plaintiff goes on to allege that the County Defendants failed to "address" the alleged "failure to provide

psychotropic medications" and failed to "intervene or take any appropriate steps against Armor" for such alleged failures. (*Id.* ¶¶ 307–08, 310–11.)

Despite the broad, conclusory allegations that the County Defendants had knowledge of inmates not receiving their psychotropic medications, there are no allegations in the Amended Complaint stating whether and how Evans and Nyklewicz were involved in or even aware of Wesley's medical and mental care at the MCJ and HOC. While Plaintiff generically alleges that correctional officers in Housing Unit 4C performed "mouth checks" to ensure inmates took their medications, there are no allegations that any correctional officers knew what medications were available, what medications were not available, or which inmates received or refused to take medications. Further, there are no allegations that any correctional officers knew about Wesley's medical and mental conditions, his medications for such conditions, or conveyed such knowledge to Evans, Nyklewicz, or any other high-ranking official at the County. Instead, Plaintiff's allegations are generic and vague: Evans and Nyklewicz were generally aware of lapses in psychotropic medications to all inmates, and there was a general "pattern and practice of constitutionally inadequate care" at the Milwaukee County Jail. *See* (*Id.* ¶¶ 93–99, 300–01.)

The Eastern District has previously rejected these types of vague allegations that invite the Court to speculate and infer that Evans and Nyklewicz—and, by extension, the County—had general knowledge of alleged lapses in a specific inmates' medical care, which were alleged to form the basis for *Monell* liability. *See,*

*e.g.*, *Williams v. Milwaukee County*, Case No. 18-CV-1045-JPS, 2019 WL 189253, at *4 (E.D. Wis. Jan. 14, 2019) (holding that the "vague allegation" that "Evans and Nyklewicz 'were aware of [the plaintiff's] special needs and took no action to safeguard his civil and constitutional rights" was "insufficient to allow an inference that Evans and Nyklewicz had "direct knowledge of Plaintiff's mistreatment and chose to do nothing about it").

For instance, in *Estate of Fiebrink by Cade v. Armor Correctional Health Services, Inc.*—a case arising out of one of the incidents Plaintiff alleges as an example of the widespread pattern of inadequate medical care at the MCJ, *see* (Am. Compl. ¶¶ 94, 98, ECF No. 98)—the Court observed:

> In *Terry v. County of Milwaukee*, [357 F. Supp. 3d 732, (E.D. Wis. 2019),] this Court declined to find a widespread municipal custom or practice of ignoring inmates' medical needs based on [the in-custody] deaths [from 2016 at the Milwaukee County Jail]. . . . . The Court explained that the circumstances surrounding each death were too distinct to suggest a pattern. As here, the plaintiffs made no allegations that the same staff, medical conditions, or policies were behind the deaths.

Case No. 18-CV-832-JPS, 2019 WL 1980625, at *3–6, 11 (E.D. Wis. May 3, 2019).

The same is true here. Plaintiff has not alleged any similarity in occurrences either in relation to deaths at the MCJ, or in relation to the availability of psychotropic medications or the specific constitutional harm claimed in this case. Just as in their initial pleading, Plaintiff's *Monell* claims require the Court to make sweeping inferences that are not sufficiently supported by specific factual allegations. *See* (Decision and Order 5–8, ECF No. 73.) Plaintiff simply lists

12

unrelated incidents that took place before and after Wesley was detained at the MCJ, and makes the conclusory allegation that the County was aware of lapses in the availability of psychotropic medications, without any specificity as to timing, number, cause, effect, or nature of such alleged lapses. In short, there are no allegations that the County Defendants had any part in causing the alleged lapses in availability of psychotropic medications in general or in the specific time-frames Wesley alleges his medications were not available.

Thus, Plaintiff has failed to state a *Monell* claim based on an alleged widespread practice and custom.

### III. Alternatively, if the Municipal Claim Against Milwaukee County Survives, the Court Should Dismiss the Official-Capacity Claims Against Nancy Evans and Kevin Nyklewicz.

Even if the *Monell* claim against Milwaukee County survives this Motion, the Court should nonetheless dismiss Nancy Evans and Kevin Nyklewicz from this action. The sole federal claims against Nancy Evans and Kevin Nyklewicz are brought against them in their official capacities under 42 U.S.C. § 1983, as former officials at the MCJ. (Am. Compl. ¶¶ 58, 61–62, 65, 298–312, ECF No. 98.) "An official capacity claim is tantamount to a claim against the government entity itself." *Gusman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). Put differently, "'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" *Comsys, Inc.*, 223 F. Supp. 2d at 802 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). "Based on this rule, district courts routinely

13

dismiss official capacity claims against individuals as 'redundant' where the appropriate municipality is also named." *Id.* (collecting cases).

Here, the official-capacity claims against Nancy Evans and Kevin Nyklewicz are one in the same as the *Monell* claims against Milwaukee County. For this reason, the Court should dismiss Nancy Evans and Kevin Nyklewicz from this action, as their presence in this action as named Defendants is redundant in light of the *Monell* claim against Milwaukee County.

## IV. The Court Should Dismiss All State-Law Claims Because They are Barred by Wis. Stat. § 893.80.

### A. Plaintiff has not shown that he complied with the notice requirements under Wis. Stat. § 893.80(1d).

Section 893.80(1d) applies to all state-law claims. *DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994) (holding Wis. Stat. § 893.80 applies to all causes of action, not just those in tort and not just those for money damages); *see also Nesbitt Farms v. Madison*, 2003 WI App 122, ¶ 6 n.2, 265 Wis. 2d 422, 665 N.W.2d 379 ("continu[ing] to read *DNR v. City of Waukesha* as stating a general rule that the Wis. Stat. § 893.80(1) notice requirement applies to all actions against a municipality except for certain statutory actions excepted from the rule").

To substantially comply with the statutory requirement of notice of claims against government bodies, a notice must satisfy two related but distinct notice requirements: (1) a notice of injury requirement of written notice of the circumstances of the claim signed by the party, agent or attorney, served on the governmental body in question within 120 days after the event causing the injury;

14

and (2) a notice of claim requirement that requires notice of the claimant's identity and address, along with an itemized statement of relief sought, to the proper person at the governmental body and subsequent denial. Wis. Stat. § 893.80(1d)(a) and (b).

Compliance with both of these two distinct provisions is mandatory in order to avoid dismissal of an action. *Vanstone v. Town of Delafield*, 191 Wis. 2d 587, 530 N.W.2d 16 (Ct. App. 1995). "The notice of injury and notice of claim provisions of § 893.80(1) are unambiguously stated in the conjunctive; therefore, both provisions must be satisfied before the claimant may commence an action against a governmental agency." *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 301, 588 N.W.2d 19 (1999). "Failure to comply with this statute constitutes grounds for dismissal of the action." *Casteel v. Baade*, 167 Wis. 2d 1, 10, 481 N.W.2d 277 (1992).

"[T]here is a clear rationale for requiring that a notice of claim be filed before suit is commenced against a local government: A notice gives the local government an opportunity to investigate the claim and resolve the dispute before becoming enmeshed in costly litigation." *Willow Creek Ranch v. Town of Shelby*, 2000 WI 56, ¶ 82, 235 Wis. 2d 409, 611 N.W.2d 693; *see also Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 28, 235 Wis. 2d 610, 612 N.W.2d 59 (confirming the notice of injury provision allows governmental entities to investigate and evaluate potential claims and the notice of claim provision affords a municipality the opportunity to compromise and settle a claim).

Here, there is no allegation or indication that Plaintiff complied with the notice requirements under Section 893.80. Plaintiff's failure to comply with the

notice requirements before filing his state-law claims in federal court is jurisdictional. Written notices must be served and disallowed before a claim may be brought. *See Colby v. Columbia Cnty.*, 202 Wis. 2d 342, 357–58, 550 N.W.2d 124 (1996) (holding "Section 893.80(1)(b) requires that the plaintiff first provide the county with a notice of claim, followed by either a denial of such claim by the county, or the expiration of the 120-day disallowance period, prior to the filing of a summons and complaint"). Compliance with Section 893.80(1)(b) is a necessary prerequisite to all actions brought against the entities listed in the statute whether brought as an initial claim, counterclaim, or cross-claim. *City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 620, 575 N.W.2d 712 (1998).

Plaintiff initiated this action containing a state-law negligence claim before filing a notice of claim, itemization of relief sought, and receiving a disallowance of claim from Milwaukee County. Accordingly, Plaintiff's state-law negligence claim is statutorily defective under Wisconsin law and must be dismissed. *Dobrev v. Walworth County Department of Health and Human Services*, Case No. 16-cv-1-jdp, 2018 WL 3109078, at *7–8 (W.D. Wis. June 25, 2018) ("[H]ere, [the plaintiff] *never* sent a notice of claim to defendants. So his state-law claims are barred by Wisconsin's notice-of-claim statute."). For this reason alone, the County Defendants are entitled to judgment as a matter of law as to Plaintiff's negligence claim.

**B.**     **Even if Plaintiff had complied with the notice requirements under Wis. Stat. § 893.80(1d), the negligence should be dismissed based on discretionary immunity under Wis. Stat. § 893.80(4).**

Governmental immunity under Wisconsin law is "extremely broad." *Estate of Perry v. Wenzel*, 872 F.3d 439, 463 (7th Cir. 2017), *cert. den'd*, 138 S. Ct. 1440, 200 L.E.2d 717 (Apr. 2, 2018).  Such immunity is committed to the Wisconsin statutes as follows:

> No suit may be brought against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employees nor may any suit be brought against such corporation, subdivision or agency or volunteer fire company or against its officers, officials, agents or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

Wis. Stat. § 893.80(4); *see also Lodl v. Progressive Northern Ins. Co.*, 2002 WI 71, ¶ 20, 253 Wis. 2d 323, 646 N.W.2d 314.

Wisconsin's governmental immunity broadly "'provides that state officers and employees are immune from personal liability for injuries resulting from acts performed within the scope of their official duties.'" *Perry*, 872 F.3d at 462 (quoting *Pries v. McMillon*, 326 Wis. 2d 37, 784 N.W.2d 648, 654 (2010)).  "Wisconsin courts have interpreted this protection as extending to all conduct involving 'the exercise of discretion and judgment.'" *Thomas v. Correctional Healthcare Companies, Inc.*, 15–CV–633–JPS, 2016 WL 7046795, at *4 (E.D. Wis. Dec. 2, 2016) (quoting *Milwaukee Metro Sewerage Dist. v. City of Milwaukee*, 277 Wis. 2d 635, 672, 691 N.W.2d 658 (2005)).

17

"There are four exceptions to this broad doctrine: '(1) the performance of ministerial duties; (2) the performance of duties with respect to a 'known danger;' (3) actions involving medical discretion; and (4) actions that are 'malicious, willful, and intentional.'" *Perry*, 872 F.3d at 462 (quoting *Bicknese v. Sutula*, 260 Wis. 2d 713, 660 N.W.2d 289, 296 (2003)).

Here, Plaintiff's allegations show that none of the exceptions to discretionary immunity apply and Plaintiff's negligence claims against the County, Evans, and Nyklewicz are barred. First, the medical-discretion exception does not apply because the County, Evans, and Nyklewicz are not medical professionals, and the Seventh Circuit recognized that "Wisconsin courts have been unwilling to extend the [medical discretion exception] to defendants who are not medical professionals." *Perry*, 872 F.3d at 463. Second, outside of a single, conclusory allegation, there are no allegations that the County, Evans, or Nyklewicz acted maliciously, willfully, or intentionally such that the Court could draw a reasonable inference that the "malicious, willful, and intentional" exception applies. *See* (Am. Compl. ¶ 314, ECF No. 98.)

Third, the known-danger exception is inapplicable. That exception is a "narrow, judicial-created exception that arises only when there exists a danger that is known and compelling enough to give rise to a ministerial duty on the part of a municipality or its officers." *Lodl*, 2002 WI 71, ¶ 4. Here, the known-danger exception is inapplicable because there are no allegations that the County, Evans, Nyklewicz, or any other County employee, in fact, knew about Wesley's mental

18

health diagnoses, nor about the availability or lack of availability of his specific medications, nor any of the alleged risks posed by any missed doses of Wesley's medications.

Fourth, the ministerial-duty exception is inapplicable. "Just because a jury can find that certain conduct was negligent does not transform that conduct into a breach of a ministerial duty." *Kimps v. Hill*, 200 Wis. 2d 1, 11, 546 N.W.2d 151 (1996). This doctrine is technically not an "exception," but rather a judicial recognition that ministerial acts are not discretionary and thus not entitled to immunity in the first place. *Thomas*, 2016 WL 7046795, at *4–7. Although Plaintiff's Amended Complaint is lacking in specific allegations concerning what acts or omissions are attributable to the County Defendants, Plaintiff's allegations against the County Defendants undoubtedly concern acts of discretion, as they broadly relate to maintaining a correctional facility and generally overseeing medical care in that facility. *See* (Am. Compl. ¶¶ 313–20, ECF No. 98.)

Thus, even taking as true all of the allegations in the Amended Complaint, Milwaukee County, Nancy Evans, and Kevin Nyklewicz are nonetheless entitled to discretionary immunity under Wis. Stat. § 893.80(4) as a matter of law. Accordingly, the Court should dismiss Plaintiff's negligence claims against the County, Evans, and Nyklewicz.

**V.** **The Court Should Dismiss Wisconsin County Mutual Insurance Corporation Because all Claims Against it are Premised on the Claims Against Milwaukee County, Nancy Evans, and Kevin Nyklewicz.**

Wisconsin County Mutual Insurance Company is a named defendant solely by virtue of its position as Milwaukee County's insurer. *See* (Am. Compl. ¶ 87, ECF No. 98.) Thus, in the event that the Court grants the County Defendants' Motion to Dismiss in its entirety, any and all claims against Wisconsin County Mutual Insurance Company should similarly be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Milwaukee County, Nancy Evans, Kevin Nyklewicz, and Wisconsin County Mutual Insurance Corporation respectfully request that the Court dismiss Plaintiff's Amended Complaint against them, (ECF No. 98), on the merits, with prejudice, and with such costs and disbursements that the Court deems equitable.

Dated this 8th day of September, 2020.

CRIVELLO CARLSON, S.C.
Attorneys for Defendants Milwaukee County, Nancy Evans, Kevin Nyklewicz, and Wisconsin County Mutual Insurance Corporation

By:    s/ Benjamin A. Sparks
SAMUEL C. HALL, JR.
State Bar No. 1045476
BENJAMIN A. SPARKS
State Bar No. 1092405
STEVEN C. MCGAVER
State Bar No. 1051898

20

**P.O. Address**
710 N Plankinton Avenue
Suite 500
Milwaukee, WI 53203
P: 414-271-7722
E:     shall@crivellocarlson.com
       bsparks@crivellocarlson.com
       smcgaver@crivellocarlson.com