UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

OMAR H WESLEY,
by next friend BRENDA WESLEY,

                     Plaintiff,

                     Case No. 19-cv-0918-bhl

  v.

ARMOR CORRECTIONAL HEALTH
SERVICES INC, et al.,

                     Defendants.

_____

## ORDER
_____

      On June 21, 2019, Omar Wesley, by his next friend Brenda Wesley, filed this lawsuit against Armor Correctional Health Services, Inc., Milwaukee County, and a host of other individual and insurance company defendants, challenging their failure to dispense antipsychotic medications to Wesley, along with related County policies, at the Milwaukee County Criminal Justice Facility. (ECF No. 1.) On August 17, 2020, after the Court dismissed Wesley's *Monell* claims against Armor and his individual claims against Dr. Maureen White, (ECF No. 73), Wesley amended his complaint. (ECF No. 98.) The amended complaint added dozens of pages of detail and asserts claims for deliberate indifference under the Eighth and Fourteenth Amendments, a *Monell* claim against Milwaukee County and Armor, and claims for negligence and disability discrimination. (ECF No. 98, ¶¶ 297-320.) After initially answering the amended complaint, Milwaukee County, Nancy Evans, Kevin Nyklewicz and Wisconsin County Mutual Insurance Corporation (collectively the "County Defendants") moved for judgment on the pleadings. (ECF No. 116.)

      "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014) (citation omitted). "In reviewing the sufficiency of a complaint under the plausibility standard

announced in *Twombly* and *Iqbal*, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). "After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 681).

The County Defendants first argue that Wesley fails to state sufficient facts to plead facts sufficient to support his *Monell* claim against Milwaukee County. (ECF No. 117.) To succeed on his claim for a *Monell* violation, Wesley must allege and eventually prove that: (1) he "was deprived of a federal right;" (2) the deprivation was "a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker for" Milwaukee County; and (3) the deprivation "proximately caused his injury." *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978).

In his amended complaint, Wesley alleges that he was deprived of medical care as a result of the County Defendants' policy and practice of knowledgeably failing to provide essential psychotropic medications to mental health patients in custody. (*See* ECF No. 98, ¶¶ 298, 300-01, 306.) Wesley alleges in detail that he was deprived of necessary medication on a number of occasions. (ECF No. 98, ¶¶122, 130-31, 133-36, 142, 151-52, 154, 160, 162, 164-65, 168-70, 235-36, 239). He further alleges that Evans and Nyklewicz were responsible for providing essential health care, including necessary medications, to prisoners and that their knowledgeable failures to do so violated Wesley's constitutional rights. (ECF No. 98, ¶¶ 55-56, 58-60, 62-64, 298, 300-301, 307-312.) With respect to the County, Wesley alleges that Milwaukee County failed to adequately supervise, train, and discipline its employees and those of Armor Correctional Health Services such that they provided inadequate medical care and caused Wesley's constitutional deprivations. (ECF No. 98, ¶¶ 302-05.) Because "all reasonable inferences and facts [must be drawn] in favor of the nonmovant," *Wagner v. Teva Pharmaceuticals USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016), and Wesley's allegations plausibly suggest an entitlement to relief for his deprivations under a de facto policy of Milwaukee County, he has alleged enough to maintain his claim at this stage. While his overly detailed amended complaint may not comply with Rule 8's directive to provide a "short and plain statement," Fed. R. Civ. P. 8(a), it is nonetheless sufficient "to raise [his] right to relief

above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), such that his *Monell* claims against Milwaukee County will not be dismissed at this time.

In the alternative, the County Defendants assert that the claims against Evans and Nyklewicz in their official capacities must be dismissed as redundant. (ECF No. 117.) Wesley notes that he does not oppose the dismissal, without prejudice, of Evans and Nyklewicz as superfluous parties, so long as the claims against Milwaukee County are not dismissed. (ECF No. 126.) Accordingly, the *Monell* claims and claims of unconstitutionally inadequate medical care against Evans and Nyklewicz will be dismissed without prejudice.

The County Defendants argue that Wesley's state law claims against them are barred by his failure to comply with the notice requirement of Wis. Stat. §893.80. (ECF No. 117.) Wesley concedes that he failed to comply with the state law procedural notice requirements required to bring state law claims. (ECF No. 126.) Therefore, the state law claims against the County Defendants will be dismissed.

Finally, without citing any legal authority, the County Defendants contend that any claims against Wisconsin County Mutual Insurance Corporation should be dismissed because it is a named defendant solely by virtue of its position as Milwaukee County's insurer. (ECF No. 117.) Wesley argues that under Wis. Stat. §895.46, Milwaukee County is required to indemnify employees for acts within the scope of their employment and thus Wisconsin County Mutual Insurance Corporation, which insures the Milwaukee County Defendants in this case, is itself a proper defendant and should not be dismissed. (ECF No. 126.) Moreover, Wisconsin law allows plaintiffs to bring a direct action against insurers who are liable for the negligence of others. *See* Wis. Stat. §623.24. Because the *Monell* claim against Milwaukee County survives, and Wesley contends that Wisconsin County Mutual Insurance Corporation is liable for the County's misconduct, the insurer will not be dismissed as a defendant. Accordingly,

**IT IS HEREBY ORDERED**:
1. The motion for judgment on the pleadings, ECF No. 116, is **GRANTED IN PART and DENIED IN PART**.
2. The state law negligence claims against the County Defendants are **DISMISSED** with prejudice.

3. The *Monell* claims and claims of unconstitutionally inadequate medical care against Major Nancy Evans and Deputy Inspector Kevin Nyklewicz are **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin on June 1, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge