UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| OMAR WESLEY, by next friend BRENDA WESLEY, <br><br> Plaintiff, <br><br> v. <br><br> ARMOR CORRECTIONAL HEALTH SERVICES, INC., MAUREEN WHITE, Ph.D., KIM WOLF, DEBORAH MAYO, COURTNEY HOLIFIELD, KAYLA MCCULLOUGH, MILWAUKEE COUNTY, WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION, EVANSTON INSURANCE COMPANY and BARTON & ASSOCIATES, INC., <br><br> Defendants. | Case No.: 19-cv-918 |

### CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO WITHDRAW AS COUNSEL

Attorney Christopher P. Riordan and the law firm of von Briesen & Roper, s.c. ("Defense Counsel") move the Court, pursuant to Civil L.R. 7(h), to withdraw as counsel of record for Defendants, Armor Correctional Health Services, Inc., and Armor Correctional Health Services, Inc. employees, Dr. Maureen White, Kim Wolf, Courtney Holifield, and Kayla McCullough ("Armor Defendants"). In so moving, counsel states as follows:

1. Defense counsel diligently defended the interests of the Armor Defendants in this litigation beginning January 18, 2022, when Defense Counsel substituted in as counsel for the Armor Defendants for Attorneys John J. Reid and R. Fletcher Koch of Cassiday Schade, LLP.

2. Prior to the engagement of Defense Counsel, Armor Correctional Health Services, Inc. and Defense Counsel entered into an agreement to represent the Armor Defendants, which

included an agreement by Armor Correctional Health Services, Inc. to pay Defense Counsel's fees.

3. Since entering into the agreement with Defense Counsel, Armor Correctional Health Services, Inc. has substantially failed to fulfill its obligations under the agreement.

4. In response to Armor Correctional Health Services, Inc.'s failure to fulfill its obligations, Defense Counsel contacted the general counsel, the assistant general counsel, and the vice president of finances for Armor Correctional Health Services, Inc. on various occasions concerning the company's substantial failure to fulfill the company's obligations.

5. On December 2, 2022, Defense Counsel sent a letter to the general counsel and the assistant general counsel for Armor Correctional Health Services, Inc. stating Defense Counsel would withdraw as counsel of record for the Armor Defendants if Armor Correctional Health Services, Inc. did not fulfill its obligations under the agreement or agree upon a plan to fulfill its obligations to Defense Counsel by December 9, 2022. Defense Counsel's December 2, 2022 letter was followed up by a second letter on December 7, 2022.

6. Defense Counsel sent Armor Correctional Health Services, Inc. a copy of this Motion to Withdraw on December 16, 2022 and informed Armor Correctional Health Services, Inc. the motion would be filed as early as December 19, 2022; Armor Correctional Health Services, Inc. failed to respond.

7. Defense Counsel provided Armor Correctional Health Services, Inc. with reasonable warning that Defense Counsel would withdraw as counsel of record for the Armor Defendants if Armor Correctional Health Services, Inc. did not fulfill the company's obligations or agree to a plan to fulfill its obligations to Defense Counsel.[1]

---

[1] *See* Model Rules of Professional Conduct 1.16(b)(5): a lawyer may withdraw from representing the client if the client fails to fulfill an obligation to the lawyer regarding the lawyer's service and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; *see also* Wisconsin SCR 20:1.16(b)(5).

8. Since the December 2nd and December 7th letters were sent by Defense Counsel, Armor Correctional Health Services, Inc. has not substantially fulfilled its obligations under the agreement or contacted Defense Counsel to discuss a plan to fulfill its obligations.

9. As a result of the substantial failure of Armor Correctional Health Services, Inc. to fulfill its obligations under the agreement, and its failure to contact Defense Counsel to discuss a plan to fulfill its obligations, Defense Counsel can no longer represent the Armor Defendants in this matter.

10. At this point in the litigation, summary judgment motions have been decided, the Court ordered the parties to attempt a private mediation on February 14, 2023. The Court also ordered on or before February 21, 2023, the parties must file a joint status report informing the Court of the outcome of the mediation. If the mediation proves unsuccessful, the Court will set a further schedule. No trial has been scheduled. Withdrawal can be accomplished without material adverse effect on the interests of the Armor Defendants.[2]

11. An attorney may withdraw from a case if "good cause" for withdrawal exists. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002), citing *Model Rules of Professional Conduct,* Rule 1.16(b)(7). In *Fidelity Nat. Title Ins. Co. of New York,* the Seventh Circuit Court of Appeals held a client's failure to pay $470,000 in legal fees and expenses with the prospect of incurring more was "good cause". *Fidelity Nat. Title Ins. Co. of New York*, 310 F.3d at 540. *See also Amsted Indus. v. Buckeye Steel,* No. 01-CV-3336, 2002 U.S. Dist. LEXIS 21451, 2002 WL 31455958 (N.D. Ill. Nov. 1, 2002)(a breakdown in prior fee agreements between client and counsel constitutes good cause for counsel withdrawing). Civil

---

[2] *See* Model Rules of Professional Conduct, 1.16(b)(1): a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client. *See also,* Wisconsin SCR 20:1.16(b)(1).

3

litigants generally have no right to free legal aid in civil lawsuits. *Maus v. Greening,* 2013 U.S. Dist. LEXIS 74587, 2013 WL 2318148 (E.D. Wis. May 28, 2013).

WHEREFORE, as Armor Correctional Health Services, Inc. substantially failed to fulfill its obligations under the agreement with Defense Counsel, was given reasonable warning that Defense Counsel would withdraw absent the substantial fulfillment of its obligations or made arrangements to substantially fulfill its obligations, and as the interests of the Armor Defendants as well as other parties have been protected, Attorney Christopher P. Riordan and the law firm of von Briesen & Roper, s.c. request that the Court grant this Motion to Withdraw as Counsel of record for the Armor Defendants.

Dated at Milwaukee, Wisconsin this 20th day of December, 2022.

**VON BRIESEN & ROPER, S.C.**

*/s/ Christopher P. Riordan*
Christopher P. Riordan
411 East Wisconsin Ave., Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1480
Facsimile: (414) 276-6281
christoper.riordan@vonbriesen.com

*Attorneys for Defendants Armor Correctional Health Services, Inc., Maureen White, Kim Wolf, Courtney Holifield, and Kayla McCullough*

**SERVICE LIST**

Santhia Curtis
General Counsel
Armor Health
4960 SW 72nd Avenue
Suite 400
Miami, FL 33155
scurtis@armorcorrectional.com

Frank Castro
Assistant General Counsel
Armor health
4960 SW 72nd Ave.
Suite 400
Miami, FL 33155
Frank.castro@armorcorrectional.com

Lissette Perez
Senior Vice President of Finance, Controller
Armor Health
4960 SW 72nd Ave.
Suite 400
Miami, FL 33155
lperez@armorhealthcare.com

Dr. Maureen White
mgwhite80@gmail.com

Kim Wolf
akwolfe@prodigy.net

Courtney Holifield
courneyholifield@hotmail.com

Kayla McCullough
mccullkm@gmail.com