# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

OMAR WESLEY,
By his next friend Brenda Wesley,

Case No. 2:19-cv-00918-BHL

Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
KIM WOLF, DEBORAH MAYO, COURTNEY
HOLIFIELD, MILWAUKEE COUNTY, WISCONSIN
COUNTY MUTUAL INSURANCE CORPORATION,
EVANSTON INSURANCE COMPANY, BARTON &
ASSOCIATES, INC.,

Defendants.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ARMOR CORRECTIONAL HEALTH SERVICES, INC., AND THE INDIVIDUAL ARMOR DEFENDANTS, KIM WOLF AND COURTNEY HOLIFIELD

Plaintiff Omar Wesley, by his next friend, Brenda Wesley, and by his attorneys, the law firm of Gingras, Thomsen & Wachs, LLP, by Attorney Mark L. Thomsen, and pursuant to Fed. R. Civ. Pro. 55, moves for default judgment against Armor Correctional Health Services, Inc. and the remaining individual Armor defendants, Kim Wolf and Courtney Holifield.[1]

This case has been pending since 2019. (Dkt. 1)  In December 2021, the Armor defendants' first attorneys, John Reid and R. Fletcher Koch, of Cassiday Schade, LLP, moved to withdraw. (Docket 167 at p.2)  In its December 22, 2021 order, this Court stated that "[b]ecause Armor Correctional Health Services, is a corporation, it cannot appear *pro se.  See 1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015)."  (Dkt. 168)  This Court stayed the case

---

[1] The other individual Armor defendants, Kayla McCullough and Maureen White, were dismissed from the case on summary judgment.  (Dkt. 238 at p.25)

to permit the Armor defendants time to find new counsel, but stated that if replacement counsel did not appear by a certain date, the Court would set a hearing to determine how to proceed, including "the potential of default against Armor."  (Dkt. 168)

On December 20, 2022, Armor's second attorneys, Chris Riordan, of Von Briesen & Roper, S.C. moved to withdraw from representing Armor and the individual Armor defendants. (Dkt. 242)  Plaintiff opposed that motion on the grounds that mediation of this case is scheduled for February 14, 2023, that permitting counsel for the Armor defendants will place that mediation at risk, and that "Armor should not be permitted to continue to derail the resolution of this case by not paying its defense attorneys."  (Dkt. 244 at p.2)  By order dated December 20, 2022, this Court ordered Attorney Riordan to notify Armor, Holifield and Wolf of his motion and the hearing, including the hearing date and time.  (Dkt. 243)

Following the hearing on Attorney Riordan's motion on January 4, 2023, (Dkt. 245) where counsel for all the parties appeared, as well as General Counsel for Armor, this Court's Order states:

> The Court explained that because Armor is a corporation, it cannot appear pro se and must have representation by counsel.  The Court also noted that this is the second time that disputes between Armor and its retained counsel have led to counsel's request to withdraw.  (*See* ECF Nos. 167 & 242)  Given that this case has been pending for more than three years, and an agreed upon mediation is set for February 14, 2023, this Court will not allow Armor's disagreements with its latest chosen counsel to further delay this case….

> **IT IS HEREBY ORDERED** that, on or before **January 20, 2023**, Armor must either retain replacement counsel or resolve its issues with Riordan.  Riordan should file a status report if he intends to remain on the case.  If not, the Court will approve his motion to withdraw upon the appearance of replacement counsel or on January 20, 2023 regardless of whether replacement counsel has appeared.  If Riordan does not agree to continue on the case and replacement counsel has not appeared by January 20, 2023, the Court will enter default against Armor.

2

(Dkt. 246)  The docket in this case reflects that no replacement counsel appeared for Armor, Wolf or Holifield by January 20, 2023, or to date.  Attorney Riordan has now submitted a proposed order permitting his withdrawal. (Dkt. 247)

Well-established law that provides for default judgment against a party who has "failed to plead or otherwise defend."  Fed. R. Civ. Pro. 55(a); *see Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (affirming entry of default judgment on liability for corporation's failure to timely replace withdrawing counsel).  Pursuant to this law, and this Court's January 4, 2023 order, plaintiff respectfully requests that default judgment on liability and causation be entered against Armor and the individual Armor defendants, Kim Wolf and Courtney Holifield, and that the trial against these defendants be set for a determination on the amount of damages only, in the event the February 14, 2023 mediation fails to resolve this matter.  (Dkt. 241)

Dated this 30th day of January, 2023.

s/ Mark L. Thomsen
Mark L. Thomsen
State Bar No. 01018839
GINGRAS THOMSEN & WACHS LLP
219 N. Milwaukee St. Suite 520
Milwaukee, WI 53202
414-935-5482 (Direct)
414-763-6413 (Facsimile)
mthomsen@gtwlawyers.com

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7(a)

Pursuant to E.D. Wisconsin Civil Local Rule 7(a)(2), this is to certify that no memorandum or other supporting papers will be filed with this Motion for Default Judgment.

s/ Mark L. Thomsen